

**Greenbaum Rowe Smith & Davis LLP**

COUNSELORS AT LAW

75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600   FAX (973) 535-1698

INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

**C. BRIAN KORNBREK**
(973) 577-1820 - DIRECT DIAL
(973) 577-1821 - DIRECT FAX
BKORNBREK@GREENBAUMLAW.COM

WOODBRIDGE OFFICE:
METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600
FAX (732) 549-1881

*DELIVERY ADDRESS:*
99 WOOD AVENUE SOUTH
ISELIN, NJ 08830-2712

NEW YORK OFFICE:
750 THIRD AVENUE
9TH FLOOR
NEW YORK, NY 10017
(212) 847-9858

April 2, 2019

***VIA ECF***

Hon. Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Federal Building
   and U.S. Courthouse
1 John F. Gerry Plaza
Camden, New Jersey 08101

        Re: **Sippel v. American Honda Motor Co., Inc.**
             **Civil Action No. 1:18-CV-09662 (NLH) (AMD)**

Dear Magistrate Judge Donio:

    The undersigned represents defendant American Honda Motor Co., Inc. ("AHM"), in this matter, and we write with respect to discovery disputes that have arisen between the parties. This is a product liability suit where Plaintiff claims that he sustained a hearing injury due to the allegedly spontaneous deployment of the side air bags in his vehicle. The Court has scheduled a telephone status conference for April 25, but because some of the issues bear on the April 26 deadline for service of defense expert reports, we are raising the issues in advance of the conference.

    The first issue relates to medical record authorizations. In his written discovery responses, Plaintiff asserted that he did not have his hearing tested prior to the subject incident. In his deposition testimony on November 27, 2018, Plaintiff testified to the contrary and admitted that he did, on several occasions, have his hearing tested. Upon receipt of the transcript in mid-December, AHM researched and prepared authorizations for these providers and requested that Plaintiff provide executed authorizations in a letter of January 14, 2019. See Letter and authorizations attached as Exhibit A. Despite several follow-up requests, there was no response or objection to these authorizations until yesterday when Plaintiff for the first time took the position that they were untimely. See Follow-up Requests attached as Exhibit B; E-mail

5581660.1

Greenbaum Rowe
Smith & Davis LLP

Honorable Ann Marie Donio, U.S.M.J.
April 2, 2019
Page 2

from Plaintiff raising objections attached as Exhibit C. AHM therefore requests that the Court address this dispute and permit AHM leave to proceed with a defense hearing exam – or not – based on receipt and review of these records.

Second, AHM has requested that Plaintiff produce the subject vehicle for inspection by one of its experts. Plaintiff has refused arguing that (1) AHM performed a previous inspection and (2) that expert inspections needed to be completed during fact discovery. There is no basis for contending that expert inspections need to be completed in fact discovery, and AHM expressly advised Plaintiff in advance of the first inspection and data download that it was without prejudice to AHM's right to seek further inspections by experts. See Letter attached as Exhibit D. Therefore, AHM requests that the Court address this dispute and permit AHM to serve expert reports after the completion of this inspection.

Lastly, there were no witnesses to the subject incident, and Plaintiff did not report it to police. Plaintiff also could not identify the name of the person he met just before the incident or the location where he met that person. Because Plaintiff testified that he made a telephone call from the scene, AHM subpoenaed telephone records for Plaintiff's cell phone on January 9, 2019, and received records on February 12, 2019. On March 12, we requested that Plaintiff identify the person or entity associated with five numbers called or texted on the day of the incident. See Letter attached hereto as Exhibit D. Plaintiff objects and asserts that AHM's request is untimely, and AHM requests that the Court address this dispute.

We have exchanged e-mails with Plaintiff's counsel (Mr. Barnebei) in an attempt to resolve these disputes, but have not been able to do so. I have also telephoned him twice to discuss, but he has not returned my calls. See Affidavit of Good Faith submitted with this application. AHM acknowledges that fact discovery formally closed on December 21, 2019. If there had been any indication that the above rather mundane and entirely routine follow-up requests were controversial, we would have made an application to the Court for an extension. Since they were not, Plaintiff had not objected, and there was sufficient time built into the Court's schedule for its completion, we did not see any purpose in taking up the Court's time. Now that Plaintiff has asserted an objection, we unfortunately need to request the Court's intervention.

5581660.1

Greenbaum Rowe
Smith & Davis LLP

Honorable Ann Marie Donio, U.S.M.J.
April 2, 2019
Page 3

      We would be happy to address these disputes during the currently scheduled April 25 telephone conference or at the Court's convenience. Thank you for your consideration of this matter.

                              Respectfully submitted,
                              GREENBAUM, ROWE, SMITH & DAVIS, LLP

                              */s/ C. Brian Kornbrek*

                              C. BRIAN KORNBREK

CBK/mep
Enclosure

cc: Mario Barnabei, Esq. (via ECF)(w/ enc.)
    Timothy J. Abeel, Jr., Esq. (via ECF)(w/enc.)

5581660.1