

Jonathan Wheeler, Esquire
jwheeler@wdblegal.com

Anthony DiUlio, Esquire
adiulio@wdblegal.com

Mario Barnabei, Esquire
mbarnabei@wdblegal.com

Admitted to PA & NJ Bars

THE PROPERTY DAMAGE ATTORNEYS
www.wdblegal.com

PHILADELPHIA OFFICE
215.568.2900
215.568.2901
1617 JFK Boulevard, Suite 1270
Philadelphia, PA 19103

NEW JERSEY OFFICE
856.874.1447
856.482.5657
411 Route 70 East - Suite 100
Cherry Hill, NJ 08034

501-5028

April 9, 2019

**VIA ECF**
Hon. Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Federal Building
    and U.S. Courthouse
1 John F. Gerry Plaza
Camden, NJ 08101

    Re: **Raymond Sippel v. American Honda Motor Co. Inc. and Burns Honda**
       **Civil Action No. 1:18-CV-09662 (NLH) (AMD)**

Dear Judge Donio:

  This office represents Plaintiff, Raymond Sippel for the personal injury component of the above-captioned matter (Mr. Sippel is also represented by Timothy J. Abeel, Jr., Esq. for, *inter alia*, the "lemon law" component of his claim). I am in receipt of Defendant, American Honda Motor Co., Inc.'s letter concerning several discovery issues. Pursuant to Your Honor's standing April 3, 2019 Order, Plaintiff respectfully submits this written response to address Defendant's assertions.

  First and foremost, Plaintiff notes that fact discovery closed on December 21, 2018 (not December 21, 2019 as, albeit mistakenly, asserted in Defendant's letter). Plaintiff also notes that this case was originally filed on January 19, 2018 and was pending in the Superior Court of New Jersey for over four months before Defendant removed the action to the United States District Court for the District of New Jersey on or about May 24, 2018. After the removal, the Court held a Rule 16 scheduling conference on July 10, 2018, which set forth the pretrial factual discovery deadline of December 21, 2018, a deadline for Plaintiff's expert reports of February 22, 2019, and a deadline for Defendant's expert reports of April 26, 2019. The Court also scheduled a telephone status conference, which took place on October 30, 2018. No issues were raised at the October 30, 2018 conference call.

  During the course of discovery, Plaintiff was served with four sets of interrogatories, to which Plaintiff responded on September 7, 2018, October 19, 2018, November 14, 2018, and January 24, 2019, respectively. The latter of which was served on January 8, 2019, after the close of fact discovery and answered in an attempt at good-faith cooperation. Over the course of discovery, Plaintiff has also supplied Defendant with numerous HIPAA authorizations as well as

authorizations for the release of employment records. When Plaintiff received yet another set of requests for authorizations, well after the close of fact discovery, on January 14, 2019, Plaintiff determined this to be outside the scope of the applicable discovery order and refused to execute them.

Additionally, Plaintiff notes that his deposition took place on November 27, 2018, and these requests were not made for nearly two months after the deposition. The Court's July 11, 2018, Scheduling Order specifically states:

> Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

Even assuming that Defendant could have made a request for an extension of the discovery deadlines before the expiration of the discovery period, which it certainly did not, the Defendant still has not proffered "good cause" for why the discovery could not be completed within the original time frame set by the Court (given that the case had been pending for nearly a year at that point) nor for why the new requests were not even made until nearly two months after the deposition. Defendant states that, because Plaintiff did not object sooner, they were unable to make the proper extension request to the Court. This is a gross misstatement of the facts since Plaintiff has only objected to the discovery requested after the close of the discovery deadline, and at no point prior to the close of fact discovery did Defendant request an extension from Plaintiff. Even if Plaintiff had objected on January 14, 2019 after receiving Defendant's fifth set of interrogatories, the same arguments would apply since the application for an extension of time would still have been made after the close of the period sought to be extended.

What's more, Defendant continues to send interrogatory requests. Nearly three months after the close of fact discovery, Defendant requested more additional information in response to subpoenaed documents that were received by Defendant on February 12, 2019. These requests were made on March 12, 2019, one month after Defendant received the subpoenaed documents. Again, Plaintiff takes issue with a subpoena that was served on January 9, 2019, after the close of fact discovery, and six weeks after the deposition. In addition to objecting to these requests as untimely, Plaintiff also objects to these requests as irrelevant. This is a case pertaining to the injuries sustained as a result of the deployment of airbags. As Defendant notes, there were no witnesses to subject incident and the incident was not reported to police. Thus, the individuals with whom Plaintiff conversed on the date of the loss and substance of those conversations are completely irrelevant to when, where, or how the incident took place or the nature of Plaintiff's injuries.

Furthermore, Plaintiff objects to another request for yet another inspection of the vehicle. Obviously, we are now well past the discovery end date, but, more importantly, Plaintiff has

already allowed Defendant an opportunity for the automobile to be inspected, which took place on April 3, 2018. The vehicle was inspected by an expert of Defendant's choosing and included a download of all relevant data. There can be nothing new learned by Defendant's expert that it did not already observe and/or download at the first inspection. It is significantly inconvenient for Plaintiff to permit such an inspection as his vehicle is his only means of transportation that would require him to take time from work and spend hours at Defendant's garage while it conducts another inspection, which he has already done once.

  Finally, and perhaps, most importantly, Defendant attempts to sneak another discovery request into the instant dispute. Defendant's correspondence includes a line about submitting to a "defense hearing exam." At no point prior to receiving the instant correspondence did Defendant make such a request (and cannot therefore certify that a good faith effort was made to resolve this dispute). However, Plaintiff does vehemently object to submitting to such an exam for all of the reasons set forth above.

  It's clear that, between its requests for answers to five sets of interrogatories (including requests as to the substance of Plaintiff's phone calls), two vehicle inspections, authorizations and subpoena requests, and a medical exam, Defendant is making these requests with an intent to harass and annoy. Plaintiff also argues that these requests, served well outside the discovery deadline (and weeks or months after the need for said discovery arose), are a clear attempt to stall and delay the litigation, which has been pending for fifteen months.

  For these reasons, Plaintiff respectfully requests that Defendant's requests for additional discovery are denied. However, if the Court does, in fact, allow Defendant additional time to complete fact discovery, Plaintiff requests a commensurate time to supplement its expert reports to address any new information revealed during this additional discovery period.

              Sincerely,

              *Mario Barnabei*
              MARIO BARNABEI

MB/mp